RBS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| Plaintiff, | : | 19   1577 |
| v. | : | No. 19-CV-_____ |
| THIRTEEN THOUSAND SEVEN HUNDRED AND NINE DOLLARS IN UNITED STATES CURRENCY ($13,709.00), | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

**COMPLAINT FOR FORFEITURE IN REM**

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Sarah L. Grieb and Joseph F. Minni, Assistant United States Attorneys, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, for its complaint alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action *in rem* to forfeit and condemn to the use and benefit of the United States of Thirteen Thousand Seven Hundred Nine ($13,709.00) in United States Currency ("Defendant Currency") pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.*, proceeds traceable to such exchanges, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title II.

Arrest warrant signed + given to Counsel on 4/12/19

## JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency. This court has jurisdiction over an action commenced by the United States of America under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that this Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), and 28 U.S.C. § 1395(a) and (b), because a civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found.

## THE DEFENDANT IN REM

5. The Defendant Currency is Thirteen Thousand Seven Hundred Nine Dollars ($13,709.00) in United States currency that law enforcement officials seized on or about January 3, 2018. The Defendant Currency currently is in the custody of U.S. Customs and Border Protection and will remain within the jurisdiction of this Court during the pendency of this action.

## BASIS FOR FORFEITURE

6. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; proceeds traceable to such an

exchange; or money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. Law enforcement officers seized the Defendant Currency on or about January 3, 2018 in Philadelphia, Pennsylvania, within the Eastern District of Pennsylvania, as set forth in detail in the Declaration of Special Agent Charles Dalin, U.S. Department of Homeland Security, Homeland Security Investigations, which is attached to and incorporated into this Complaint.

8. At the time of the seizure, the Defendant Currency was in the custody, possession, and control of Yacob Abdul Mu-Min.

9. At approximately 9:30 p.m., on January 3, 2018, Philadelphia Police Department officers conducted a traffic stop of a 2007 Cadillac that was driven by Yacob Abdul Mu-Min. As one of the officers approached the car, he detected the odor of marijuana coming from inside the car. Mu-Min also advised officers that he had $13,000 in currency in his possession.

10. During his encounter with officers, Yacob Abdul Mu-Min provided inconsistent statements regarding the source of the currency. Mu-Min first stated that he obtained the currency from selling Christmas trees and then from an Atlantic City, New Jersey casino. A short while later, Mu-Min again changed his statement and said his father operated a flower store in West Philadelphia.

11. Shortly after officers first encountered Yacob Abdul Mu-Min, they transported the Defendant Currency to the Philadelphia Police Department's 35th Police District station for further investigation. A short while later, a Philadelphia Police Department drug

canine, who was trained and certified in detecting the odor of illegal narcotics by scent, scanned the Defendant Currency and gave a positive indication to the odor of illegal narcotics on the currency.

12. When officers seized the Defendant Currency, it was bundled in specific denominations that were secured either with rubber bands or masking tape. There also was a small amount of loose currency. The bundles that were secured with masking tape contained handwritten notations indicating "150.00" and a date.

13. On or about January 11, 2018, law enforcement officials conducted an official count of the Defendant Currency and determined that it totaled $13,709 and consisted of 104 $100 bills ($10,400), one $50 bill ($50), 70 $20 bills ($1,400), 129 $10 bills ($1,290), 89 $5 bills ($445), one $2 bill ($2), and 122 $1 bills ($122).

14. Packaging large amounts of currency, wrapped in large, specific denominations, and secured with items such as rubber bands or masking tape, is consistent with the practices of drug couriers.

15. On January 11, 2018, law enforcement officials conducted an Ion Scan of the Defendant Currency which indicated positive for cocaine.

16. Yacob Abdul Mu-Min has at least two prior felony convictions for narcotics offenses. Mu-Min also has been arrested at least seven times for narcotics offenses.

17. By reasons of the foregoing, there is reason to believe that the Defendant Currency seized from Yacob Abdul Mu-Min, namely $13,709.00 in United States currency, constitutes money furnished or intended to be furnished in exchange for a controlled substance; proceeds traceable to such an exchange; or money used and intended to be used to facilitate a

violation of the Controlled Substance Act, and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff, United States of America, requests:

1. The Defendant Currency be proceeded against according to the law and the rules of this Court, and that due notice be given to all the interested parties to appear and show cause why forfeiture should not be decreed.

2. The Court, for the reasons set forth herein, adjudge and decree that the Defendant Currency be forfeited to the United States of America and disposed of in accordance with existing laws, together with costs, and for such other relief as this Court deems proper and just.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and
Financial Litigation Section

_____
JOSEPH F. MINNI
Assistant United States Attorney
Deputy Chief, Asset Recovery and
Financial Litigation Section

Date: April 12, 2019.

## **V E R I F I C A T I O N**

CHARLES DALIN, being of legal age, verifies and, pursuant to 28 U.S.C. § 1746(2), declares and states as follows:

1. I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") that was assigned to the investigation in this case.

2. I have reviewed the foregoing Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

3. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a special agent.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on April  12  , 2019 at Philadelphia, Pennsylvania.

_____
CHARLES DALIN
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 19-CV-_____ |
| THIRTEEN THOUSAND SEVEN HUNDRED AND NINE DOLLARS IN UNITED STATES CURRENCY ($13,709.00), | : | |
| Defendant. | : | |

### DECLARATION OF SPECIAL AGENT CHARLES DALIN

CHARLES DALIN, being of legal age, pursuant to 28 U.S.C. § 1746(2), verifies, declares and states the following:

1. I am currently employed as a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI"). I have been employed as a Special Agent since August 2010. Prior to that, and beginning in 2007, I was an Immigration Enforcement Agent with Immigration and Customs Enforcement – Enforcement and Removal Operations. Prior to that, and beginning in 2002, I was a Parole Agent with the Pennsylvania Board of Probation and Parole. I received a Bachelor of Arts degree in Criminal Justice and Sociology from La Salle University in 2001.

2. As a Special Agent with HSI, I have participated in numerous criminal investigations of financial crimes, including wire fraud and money laundering. I am currently assigned to the High Intensity Drug Trafficking Area ("HIDTA") Group. In this capacity, I am responsible for investigating violations of the Money Laundering Control Act of 1986, the Bank

Secrecy Act, the USA Patriot Act of 2001, federal narcotics offenses, and other financial crimes. I have received specific training in investigations of financial crimes, money laundering, and asset forfeiture. I have personally conducted or assisted in numerous investigations of alleged financial crimes, money laundering, and narcotics offenses involving multiple jurisdictions in the United States. I have participated in gathering evidence to obtain search and/or seizure warrants in general and more specifically investigating possible money laundering and other offenses, including search warrants and seizure warrants.

3. I am the HSI Special Agent that is assigned to the investigation in this case.

4. The facts set forth in this Declaration summarize my investigation in this case, and include observations, along with review of reports and observations of other law enforcement officers involved in the investigation. This Declaration, however, does not detail the entire scope of the investigation or all statements made by the parties.

5. Based on my training and experience in investigating illegal drug and drug currency couriers, I know that drug couriers carry not only narcotics, but also such items as large amounts of United States currency. I also know that drug couriers will secure currency with items such as rubber bands and masking tape. Packaging large amounts of currency, wrapped in large, specific denominations is consistent with the practices of drug couriers.

6. At approximately 9:30 p.m., on January 3, 2018, Philadelphia Police Department Officers Michael Sidebotham and Eric Girilli conducted a traffic stop of a 2007 Cadillac for a faulty brake light. The driver of that car was Yacob Abdul Mu-Min ("Mu-Min"). When Officer Sidebotham approached the car, he detected the odor of marijuana coming from inside the car. When questioned by officers, Mu-Min stated that he had $13,000 in currency in his possession. Mu-Min also said he obtained the currency from selling Christmas trees. He later changed this

statement and said he obtained the currency from gambling at a casino. The officers conducted a pat-down of Mu-Min for narcotics and located a large, undetermined amount of United States currency on his person. The officers requested a Philadelphia Police Department detective, who was assigned as an HSI Task Force Officer to respond. The officers also requested a Philadelphia Police Department drug canine to respond. The officers then transported Mu-Min and the currency to the Philadelphia Police Department's 35th Police District station for further investigation.

7. At approximately 11:15 p.m., Philadelphia Police Officer John Snyder and his partner, JoJo, a police department canine who was trained and certified in detecting the odor of illegal narcotics by scent, arrived at the 35th District station to scan the currency. The currency was placed inside the roll call room at the station. JoJo gave a positive indication to the odor of illegal narcotics on the currency.

8. Officers again questioned Mu-Min at the police station about the currency. He again gave conflicting statements. Mu-Min first said the currency was proceeds from gambling in Atlantic City. He then said his father operated a flower store in West Philadelphia. Mu-Min, however, could not provide the name of or the telephone number for the business. Officers seized the currency and advised Mu-Min that he would receive a notice regarding his rights to contest the seizure. Police officers also issued Mu-Min a traffic citation for the faulty brake light. This matter then was referred to HSI for federal forfeiture purposes.

9. When officers seized the currency, it was bundled in specific denominations that were secured either with rubber bands or masking tape. There also was a small amount of loose currency. Also, the bundles that were secured with masking tape each contained handwritten notations indicating "150.00" and a date.

10. On January 11, 2018, law enforcement officials conducted an ion scan on the seized currency, which revealed a high level of cocaine. Also, on January 11, 2018, officials conducted a formal count of the seized currency, which indicated that it totaled $13,709 and consisted of 104 $100 bills ($10,400), one $50 bill ($50), 70 $20 bills ($1,400), 129 $10 bills ($1,290), 89 $5 bills ($445), one $2 bill ($2), and 122 $1 bills ($122).

11. Official law enforcement databases indicate that Mu-Min has at least two prior felony narcotics convictions. In 2002, Mu-Min was indicted with others in the United Stated District Court for the Eastern District of Virginia for federal narcotics violations. Criminal No. 02-CR-60. On November 22, 2002, Mu-Min pleaded guilty to possessing with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841. That offense subjected Mu-Min to a mandatory minimum of 120 months' imprisonment. At the sentencing hearing, Mu-Min was held responsible for 69.47 grams of crack. The Court sentenced Mu-Min to 188 months' imprisonment and five years of supervised release. Mu-Min later requested relief and the Court reduced his sentence to 155 months, and then to 125 months. In April 2012, supervision jurisdiction was transferred to the Eastern District of Pennsylvania. In July 2013, the Court revoked supervised release and sentenced Mu-Min to an additional four months' imprisonment based on an arrest on drug charges in Philadelphia.

12. In October 2018, Mu-Min also pleaded guilty in the Court of Common Pleas of Philadelphia County to one count of knowing and intentional possession of a controlled substance, a felony. Court records indicate that he was sentenced to four months' county probation for that offense.

13. During the investigation, I also determined that Mu-Min has at least seven prior arrests for narcotics violations.

14. I also determined that, on June 16, 2017, Philadelphia Police officers seized $3,515 in suspected drug currency during a narcotics investigation in which Mu-Min was involved. At that time, police were conducting surveillance of suspected illegal drug activity at 4841 N. 11th Street. When officers entered the property to secure it to obtain a search warrant, they detained Mu-Min as he was attempting to exit a bedroom. Officers arrested Mu-Min and recovered $175 in currency from his person. Officers also recovered a total of $3,515 in currency on a bed in the bedroom where they located Mu-Min. Officers also recovered during a search of the property drugs (crack) and loaded guns. On May 29, 2018, the District Attorney for the City of Philadelphia commenced a civil forfeiture action under state law in the Court of Common Pleas to forfeit the $3,515 seized from the bedroom. The Commonwealth provided Mu-Min with written notice of the forfeiture action. Mu-Min, however, did not respond. On October 23, 2018, the Court entered an Order forfeiting this property.

15. During the investigation, I also determined that Mu-Min had no verifiable, legitimate sources of income. In particular, I reviewed an official Commonwealth of Pennsylvania, Department of Labor database, which reflected no employer information for Mu-Min as of February 2019. Also, as noted above, during his encounter with police officers, Mu-Min said his father owned a flower shop. Following the seizure, I went to the area of 39th Street and Lancaster Avenue in Philadelphia, Pennsylvania to locate a flower shop as claimed by Mu-Min. I could not locate any flower business in that area.

16. During the investigation, I also reviewed financial information which indicates that, shortly after the seizure in this case, Mu-Min engaged in cash transactions of approximately $75,000 that do not appear to be consistent with his reported income sources. For example, on or about February 7, 2018, Mu-Min withdrew $30,000 in cash from an account at a TD Bank

branch in Philadelphia, Pennsylvania allegedly related to a flower business. Also, on or about February 13, 2018, Mu-Min redeemed $15,581 in chips at Caesars Hotel & Casino in Atlantic City, New Jersey. Two months later, on or about April 19, 2018, records show that Mu-Min purchased $14,300 in chips at Caesars Hotel & Casino in Atlantic City, New Jersey. Lastly, records show that, on or about May 17, 2018, Mu-Min deposited $15,200 in cash to an account at a TD Bank branch in Atlantic City, New Jersey allegedly related to a flower business.

17. Based on the foregoing, there is reason to believe that the $13,709.00 in United States currency seized from Yacob Mu-Min constitutes money furnished or intended to be furnished in exchange for a controlled substance; proceeds traceable to such an exchange; or money used or intended to be used to facilitate a violation of the Controlled Substances Act, and, therefore, is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 12, 2019 at Philadelphia, Pennsylvania.

CHARLES DALIN
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$13,709.00 United States Currency

**19  1577**

(b) County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  n/a
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476    (215) 861-8200

Attorneys *(If Known)*
n/a

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a), 18 U.S.C. § 983
Brief description of cause:
Action to forfeit currency related to narcotics violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE Surrick    DOCKET NUMBER 19-MC-14

DATE 04/12/2019
SIGNATURE OF ATTORNEY OF RECORD

APR 12 2019

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: U.S. Attorney's Office; 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106-4476

Address of Defendant: n/a

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: 19-MC-14    Judge: Surrick    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☑  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☑  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☑ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/12/2019    /s/ Joseph F. Minni    53241 (PA)
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  **Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
    *(Please specify).* Forfeiture of Property

THIS CASE IS RELATED TO: 19mc14

CIVIL ACTION NO.
CRIMINAL NO.: 19cv1577

ASSIGNED TO: Judge Surrick

---

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Joseph F. Minni, AUSA, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☑ Relief other than monetary damages is sought.

APR 12 2019

DATE: 04/12/2019    /s/    53241(PA)
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| v. | : | **19  1577** |
| $13,709.00 UNITED STATES CURRENCY | : | NO. 19-CV-_ _ _ _ _ |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| Arpil 12, 2019 | [signature] | United States of America |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 861-8574 | (215) 861-8618 | joseph.minni@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR 12 2019